IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


WILLIAM VIRGIL LEE BURGETT,

                          Petitioner,

        v.                                    CASE NO. 17-3051-SAC

SHERIFF, JOHNSON COUNTY, KANSAS,[1]

                          Respondent.


MEMORANDUM AND ORDER

    This matter is a petition for habeas corpus filed by a pretrial detainee held at the Johnson County Adult Detention Center. Petitioner proceeds pro se and seeks leave to proceed in forma pauperis.

    The Court liberally construes the petition to allege error in the petitioner's arrest and detention and in the placement of his children in the care of other family members.

    A petitioner seeking federal habeas corpus relief ordinarily must exhaust available state court remedies before proceeding in federal court. This exhaustion requirement allows the state courts to consider a prisoner's claims before they are presented to a federal court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). *See also Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000)("A habeas petitioner is generally required to exhaust state remedies whether his action is brought under § 2241 or § 2254.")(citing *Coleman v. Thompson*, 501 U.S. 722, 731 (1991)).

    Likewise, unless unusual circumstances exist, a federal court

---

[1] The Court sua sponte substitutes the Sheriff of Johnson County as respondent. *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 494-95 (1973)(writ of habeas corpus acts upon the person who holds the petitioner "in what is alleged to be unlawful custody.").

ordinarily should not intervene in ongoing state criminal proceedings. *See Younger v. Harris*, 401 U.S. 37 (1971). Generally, a court should abstain under *Younger* when: (1) there is an ongoing state criminal action that began before the federal action was filed; (2) the state court provides an adequate forum for the petitioner to present the claims presented; and (3) the state proceedings implicate important state interests. *Amanatullah v. Col. Bd. of Med. Examiners*, 187 F.3d 11160, 1163 (10th Cir. 1999)(applying *Younger*). However, if a plaintiff or petitioner shows that there is an immediate likelihood of significant, irreparable injury, intervention may be warranted. *Younger*, 401 U.S. at 46.

Because petitioner is the subject of ongoing state criminal proceedings, and because the petition does not suggest that there is any immediate risk of irreparable harm in the absence of federal intervention, the Court concludes this matter should be dismissed without prejudice.

IT IS, THEREFORE, BY THE COURT ORDERED petitioner's motion to proceed in forma pauperis (Doc. #2) is provisionally granted.

IT IS FURTHER ORDERED this matter is dismissed without prejudice.

**IT IS SO ORDERED**.

DATED:  This 29th day of March, 2017, at Topeka, Kansas.


S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge